HAMITER, Justice.
Following the rendition of a judgment in favor of Mrs. Gaynell P. Elder and against William P. Elder, which decreed a divorce between the parties and declared each to be the owner of one-half of the property belonging to- the community that previously existed between them, the divorced husband brought this action on April 22, 1952 alleging that a part of the community consisted of a herd of some twenty head of cattle and praying that the court order a sale thereof to effect a partition, he to be paid one-half of the net amount received.
Resisting the demand the divorced wife averred in substance that plaintiff, when abandoning the matrimonial domicile in 1940, gave the cattle (then about seven head) to their'son, W. Edwin Elder, who has since paid all expenses for their care and has treated them as his own. She prayed for judgment decreeing that the former community owns no interest in the cattle and that plaintiff’s demands be rejected. Further, in the alternative, she asked that if plaintiff is recognized as owning an interest therein that it be declared subject to the upkeep indebtedness incurred by their son.
W. Edwin Elder, the son, intervened in the cause, seeking and praying to be recognized as the owner of the cattle in his possession, they allegedly having been donated to him by plaintiff. In the-event he is not so recognized he asked, alternatively, to be reimbursed all sums expended in caring for them.
Subsequently, in a joint pleading, defendant and intervenor urged the prescriptions of three and ten years against plaintiff’s demands. The plea was referred to the merits.
After a trial the district court rendered a judgment overruling the pleas of prescription, ordering a partition in kind of the cattle recognized as being owned by plaintiff and defendant, and rejecting intervenor’s demands with reservation to him for asserting in the partition proceedings his claim for expenses in taking care of the stock.
Defendant and intervenor appealed from the judgment, and in this court they have tendered a plea of prescription of three years predicated on LSA-Civil Code Article 3476.
Plaintiff seemingly admits, and the evidence conclusively discloses, that in the year 1940 he abandoned the matrimonial domicile, leaving there his wife, a daughter and a son, and he has never since returned. Belonging to the community of acquets and gains at the time was a residence, located at or near Mooringsport in Caddo Parish and encumbered with a mortgage, and also approximately seven head of cattle that were kept in a rented pasture. Except during a period of about two years after his leaving the matrimonial domicile plaintiff neither contributed to the support of his family nor did anything toward the *473 care of the cattle. From and after 1942 the animals or their offspring were principally tended by the son as the owner thereof (the mother looked after them while he was in military service for three years), he furnishing all of the necessary feed and paying the rentals for pasturage. At the time of the trial of this cause on June 20, 1952 the son possessed as owner, 29 cows, all of which were offsprings of the original seven head that, in the meantime, either had been sold or had died.
Seriously disputed by plaintiff is only the contention of defendant and intervenor that he donated the original cattle to the son, W. Edwin Elder. But the evidence, as we appreciate it, preponderate^ shows his making of the donation. The testimony of Mrs. Marie Elder Ridge, the daughter, is unequivocally to that effect. She testified that in the fall of 1942, when considerable trouble was being experienced in attempting to return the animals from the woods to the pasture out of which they had broken, plaintiff told her over the telephone that she could have his part of the bull (then owned jointly by those two and not involved herein) and that his son (intervenor) “could have his part of the cattle, because he was through with all of it.” Again, a disinterested witness, one Joe Sharp who lived at Mooringsport and was friendly with all members of the Elder family, related a conversation had with plaintiff at that time, as follows: “The best I can remember, I was talking to him about the cattle getting out or something and he just said he gave them to them [meaning the son and daughter] to get out of it. He had been talking on the telephone.” And corroborative of the testimony of these two witnesses is the unassailed circumstance that continuously from the fall of 1942 until Mrs. Elder instituted her divorce action in 1951 the plaintiff made no claim to and showed no interest in any of the cattle.
As to his admitted inattention to and lack of interest in the animals plaintiff, when questioned by his attorney on rebuttal, gave the following pertinent testimony:
“Mr. Dickson: Mr. Elder, didn’t you give them the privilege of selling those cattle to pay the debts with?
“Witness: On the debts, on the house, that’s what I left them there for. Home Owners Loan Corporation.
“Q. That’s what you meant when you turned them over to your daughter, it was for the privilege of paying the debts, but did you give them away ? A. No, sir, I didn’t give them nothing; left them there for them to pay the debts on the house, and they didn’t pay a dime on the old house.”
Plaintiff’s statement that “they didn’t pay a dime on the' old house” is, obviously, incorrect. The house, according to the record and briefs of -counsel, was completely destroyed by fire shortly before the *475 institution • of the divorce action in 1951 and plaintiff, on his insistance, was paid one-half of the net proceeds derived from the insurance. Undoubtedly, his receipt of these funds would have been prevented by a prior mortgage foreclosure had not the deserted family satisfied the indebtedness installments -as they became due during the intervening period of some nine years.
Our conclusion is that the evidence, the law, and the equities are with the interveno.r and that, therefore, the demands of plaintiff should be rejected. And, having so concluded, we need not pass upon the pleas of prescription urged here of three and ten years.
For the reasons assigned the judgment appealed from is annulled and set aside, and there is now judgment rejecting the demands of plaintiff and recognizing intervenor, W. Edwin Elder, as the owner of the herd of cattle in contest herein and in his possession. Plaintiff shall pay all costs.